# Re: Meet and Confer Follow Up, Settlement, Time is of the Essence

|              |                                                                                      |
|-------------:|:-------------------------------------------------------------------------------------|
| **From:**    | Lewis Hudnell <lewis@hudnelllaw.com>                                                 |
| **Received:**| Friday 20 December, 2019 11:21 am                                                    |
| **To:**      | Eric Menhart <eric.menhart@lexero.com>, <p17a453@lexero.com>                         |
| **CC:**      | Ronald Tong <rjt@manningllp.com>                                                     |
| **Subject:** | Re: Meet and Confer Follow Up, Settlement, Time is of the Essence                    |
| **Associations:** | BioElectronics Corp. [453], Eric Menhart [17]                                   |

Eric,

The statute says "satisfy personally." That means attorneys are personally liable, not the parties that they represent, which was my point. Section 1927 is precisely designed to combat the baseless motion that you propose to file. Again, we encourage you to forego the motion.

Regards,

Lewis

On Fri, Dec 20, 2019 at 7:23 AM Eric Menhart <eric.menhart@lexero.com> wrote:

> Another half-truth, counsel, consistent with your ongoing tactics. "Personally" appears in the statute, "personally liable" does not.
>
> I understand you are concerned about our impending motion, and I agree that you should be. I suspect it will be granted. You are smart enough to know that you and your client are vulnerable here, given your numerous half-truths and misguided litigation tactics.
>
> You may file any motion you find appropriate, and to the extent we must respond, we will certainly add it to the lists of costs incurred. I have no further comment, other than the motion that will be filed shortly. Thank you.
>
> Yours truly,
>
> Eric Menhart, Esq.
> Lexero Law
> 512 C St NE, Washington, DC 20002*
> Phone: 855-4-LEXERO (855-453-9376) Ext. 101
> Fax: 855-4-LEXERO (855-453-9376)
> http://www.Lexero.com
> * Please note new mailing address effective October 21, 2019.
>
> ---
>
> **From:** Lewis Hudnell <lewis@hudnelllaw.com>
> **Received:** Friday 20 December, 2019 10:15 am
> **To:** Eric Menhart <eric.menhart@lexero.com>, p17a453@lexero.com
> **Cc:** Ronald Tong <rjt@manningllp.com>
> **Subject:** Re: Meet and Confer Follow Up, Settlement, Time is of the Essence
>
> Eric,
> I suggest that you read 28 U.S.C. § 1927 and rethink your motion. That language comes directly from the statute.
> Regards,
> Lewis
>
> On Fri, Dec 20, 2019 at 7:09 AM Eric Menhart <eric.menhart@lexero.com> wrote:

Exhibit #5

We will file our motion shortly. Expect to see your below threat of holding me "personally liable" in the text of our motion, as yet another example of a bad faith Plaintiff and counsel.

Yours truly,

Eric Menhart, Esq.
Lexero Law
512 C St NE, Washington, DC 20002*
Phone: 855-4-LEXERO (855-453-9376) Ext. 101
Fax: 855-4-LEXERO (855-453-9376)
http://www.Lexero.com
* Please note new mailing address effective October 21, 2019.

---

**From:** Lewis Hudnell <lewis@hudnelllaw.com>
**Received:** Friday 20 December, 2019 09:56 am
**To:** Eric Menhart <eric.menhart@lexero.com>, p17a453@lexero.com
**Cc:** Ronald Tong <rjt@manningllp.com>
**Subject:** Re: Meet and Confer Follow Up, Settlement, Time is of the Essence

Eric,
Your email misstates the facts.  Endonovo did not ask for any extension of time to respond to your November 27 letter.   My November 27 email stated that if Endonovo chooses to respond that it would not do so before Biolelectronics's arbitrary deadline.   As we reiterated on Monday's call, Endonovo was and is under no obligation to respond to your letter as there is no present case or controversy between the parties.
As for Bioelectronics's proposed fees motion,  we advised you on the call that Bioelecronics has no basis to seek its fees under 35 USC 285, Rule 11, or Rule 41.  You did not dispute our assertion as to the unavailability of Rule 11 and Rule 41.   Rather, you maintained that the authority Bioelectronics cited in its letter supports a claim for fees under 285.   We have reviewed that authority and it is clear that it does.  It is black letter law that a plaintiff's voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(i) does not bestow prevailing party status upon the defendant for purposes of an award of attorney fees under 285.  *See RFR Indus. v. Century Steps, Inc.*, 477 F.3d 1348, 1349 (Fed. Cir. 2007).  None of the cases in your letter suggest otherwise.
Moreover, as we also advised you,  Bioelectronics's proposed fees motion is time barred under L.R. 54-7.  *See* L.R. 54-7 ("Any motion or
application for attorneys' fees shall be served and filed within fourteen (14) days after the entry of judgment or other final order, unless otherwise
ordered by the Court."); *see also* Fed. R. Civ. P. 54(d)(2)(B)(i); *Kline v. J2 Global, Inc.*, 2:19-cv-00667-SVW-AFM, 2019 U.S. Dist. LEXIS 168432, at *1 (C.D. Cal. May 8, 2019).
In sum, Bioelectronics has no basis to bring a fees motion against Endonovo. Thus, Endonovo has no proposed resolution other than advising Biolectronics not to file its fees motion.  If Bioelectronics persists in doing so, then please be advised that Endonovo will seek to hold you personally liable for the excessive costs required to oppose Bioelectronics's baseless motion under 28 U.S.C. §1927.
Regards,
Lewis

On Mon, Dec 16, 2019 at 5:29 PM Eric Menhart <eric.menhart@lexero.com> wrote:

> Counsel:
>
> Thank you for the call today. As discussed, you had no response to my client's letter. This was after you had asked for, and were granted, an extension of time to respond.
>
> Thereafter, we met and conferred about our proposed Motion for Attorney's Fees. As you are aware, we set out our legal positions in the letter. We discussed a variety of issues, and then agreed that this motion would be set for a hearing on January 27, 2020 and would be filed no later than December 30, 2019.
>
> You briefly asked if we could resolve this in other ways. As I explained on the call, I had no formal authority at the time. That being said, you can refer to my November 27 letter for a

Exhibit #5

rough idea as to my client's prior positions. While that offer, as stated, is no longer available, I suspect my client will consider something similar. However, I want to make it perfectly clear that if your client seeks to avoid our filing our motion for costs and fees, or undertaking other actions set forth in our letter, we must have a full, final agreement between our clients by 3 PM PT this Friday, the 19th. Time is of the essence. No further extensions will be granted. Thank you.

Yours truly,

Eric Menhart, Esq.
Lexero Law
512 C St NE, Washington, DC 20002*
Phone: 855-4-LEXERO (855-453-9376) Ext. 101
Fax: 855-4-LEXERO (855-453-9376)
http://www.Lexero.com
* Please note new mailing address effective October 21, 2019.

Exhibit #5